```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                            Case No. 17-02723-HWV
Darwin E Fleisher                                                 Chapter 7
Kay C Fleisher
        Debtors                    CERTIFICATE OF NOTICE
District/off: 0314-1           User: admin              Page 1 of 1          Date Rcvd: Oct 05, 2017
                               Form ID: 318             Total Noticed: 11


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 07, 2017.
db/jdb         +Darwin E Fleisher,    Kay C Fleisher,    324 MILLER LANE,   GRANVILLE, PA 17029-9710
4940371         GM Financial,    PO Box 1181145,    Arlington, TX 76096
4940375        +TD Bank NA/Renovate,    PO Box 33802,    Detroit, MI 48232-5802
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4940367         EDI: TSYS2.COM Oct 05 2017 18:58:00      Barclays Bank Delaware,   PO Box 8833,
                 Wilmington, DE 19899-8833
4940368         EDI: RMSC.COM Oct 05 2017 18:58:00      Care Credit/Synchrony Bank,   Attn: Bankruptcy Dept.,
                 PO Box 965060,   Orlando, FL 32896-5060
4940369         EDI: WFNNB.COM Oct 05 2017 18:58:00      Comenity Bank/Sportsman's Guide,
                 Bankruptcy Department,    PO Box 182125,    Columbus, OH 43218-2125
4940370         EDI: DISCOVER.COM Oct 05 2017 18:58:00      Discover Bank,   c/o DB Servicing Corporation,
                 6500 New Albany Road,    New Albany, OH 43054
4940372         EDI: RMSC.COM Oct 05 2017 18:58:00      Lowes/Synchrony Bank,   Attn Bankruptcy Dept,
                 PO Box 965060,   Orlando, FL 32896-5060
4940373        +EDI: NAVIENTFKASMSERV.COM Oct 05 2017 18:58:00      Navient,   PO Box 9500,
                 Wilkes Barre, PA 18773-9500
4941199        +EDI: PRA.COM Oct 05 2017 18:58:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
4940374        +E-mail/Text: bankruptcyteam@quickenloans.com Oct 05 2017 18:59:31      Quicken Loans,
                 1050 Woodward Ave.,    Detroit, MI 48226-1906
                                                                                               TOTAL: 8

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,   PO Box 41021,    Norfolk, VA 23541-1021
                                                                                  TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2017                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 5, 2017 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor   Quicken Loans Inc. bkgroup@kmllawgroup.com
              John P Neblett (Trustee)    jpn@neblettlaw.com, pa06@ecfcbis.com
              Michael Johnston    on behalf of Debtor Darwin E Fleisher jzmlawbecky@nmax.net
              Michael Johnston    on behalf of Joint Debtor Kay C Fleisher jzmlawbecky@nmax.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Darwin E Fleisher** | Social Security number or ITIN | xxx–xx–8798 |
| | First Name   Middle Name   Last Name | EIN | __–_____ |
| Debtor 2 (Spouse, if filing) | **Kay C Fleisher** | Social Security number or ITIN | xxx–xx–9576 |
| | First Name   Middle Name   Last Name | EIN | __–_____ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | | |
| Case number:   **1:17–bk–02723–HWV** | | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Darwin E Fleisher            Kay C Fleisher

**By the court:**    *Henry W. Van Eck*

October 5, 2017

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**